Memorandum. The order of the Appellate Division should be affirmed.
Defendant subpoenaed an admitted participant in the drugstore robbery on which the charges against defendant were based. The witness had pleaded guilty and might perhaps have given testimony which would have exonerated defendant. On examination out of the presence of the jury the witness asserted his privilege against self incrimination and refused to testify. The trial court, without objection from defense counsel, ruled that in such circumstance defendant could not call the witness to the stand. The trial court then denied defense counsel’s request that the jury be informed both of the witness’ plea and of the reason for his nonappearance at trial.
On the present appeal defendant does not contend that the refusal of the trial court to inform the jury as requested was error. Rather, it is now contended that because the witness had previously pleaded guilty the trial court erroneously allowed him to assert his privilege against self incrimination. In view of the failure of defendant to object to the trial court’s recognition of the claim of privilege or otherwise then to raise any question as to the witness’ right to assert such privilege, the error, if any, was not preserved for appellate review.
Lurking in the background of this case is the potentially difficult issue as to whether a failure or refusal of the People to grant immunity to a witness who refuses to testify under a claim of privilege against self incrimination, in consequence of which a defendant is denied exculpatory testimony, may ever constitute a denial of due process and deprivation of the defendant’s constitutional right to a fair trial (cf. People v *1067 Sapia, 41 NY2d 160). That issue, if it exists in this instance, was neither preserved for nor presented on appeal.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.